# JONES v. STARR.

---

PATENTS; INTERFERENCE; APPEALS.

1. Where, after the appellee in an interference case has made a motion to dismiss or affirm, the appellant makes a motion to postpone the hearing of such motion until a succeeding term, upon the ground that it is necessary to make a certain stipulation and certain testimony a part of the record already filed; and no excuse is advanced for failing

to make the stipulation and alleged testimony a part of the record; and appellant's good faith in making his motion to postpone is open to grave doubt,—the motion will be denied.

2. An appeal will not be dismissed because the appellant has availed himself of all the time allowed by the rules for taking and perfecting his appeal, although by so doing he necessarily prevents the hearing of the appeal until after the summer recess of the court.

3. A case must be a very clear one to justify an appellate court in affirming a decision on motion and in advance of the hearing upon the printed record.

4. A motion by the appellee in an interference case to affirm the decision of the Commissioner of Patents in advance of the appeal being reached for hearing in regular course in this court was *granted,* where it appeared that the appellee was entitled to an award of priority upon the record dates of the parties as disclosed by the record; that the record contained no testimony, but showed that the appellant's testimony was suppressed for irregularities in taking it; and that this court, from no possible viewpoint, would be justified in considering such testimony were it before the court.

5. Rules of practice in interference cases are necessary and should not be disregarded; and this court does not sit to review the rulings of the Commissioner of Patents in discretionary matters, or decisions of the Examiner of Interferences, not lawfully appealed from.

6. The granting or refusal, by the Commissioner of Patents, of a motion by one of the parties to an interference for leave to retake testimony which had been suppressed for irregularities in taking it, is within the discretion of the Commissioner, and is not such a decision as this court may review on appeal. As an interlocutory proceeding this court would not review it, and it is not one which should be reviewed as necessary or proper in connection with the final decision of priority. (Following *Westinghouse* v. *Duncan,* 2 App. D. C. 131; *Cross* v. *Phillips,* 14 App. D. C. 228; *Hulett* v. *Long,* 15 App. D. C. 284; and *Allen* v. *United States, ante,* p. 8.)

7. Where, in an interference case, this court refused to consider the testimony of the appellant which had been suppressed in the Patent Office, and affirmed a decision of the Commissioner awarding priority to the appellee on the record dates of the parties, it was *held* that the appellant still had a remedy in section 4915, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 3392), and, if there successful, could invoke relief under section 4918 of U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 3394).

No. 301. Patent Appeals. Submitted May 18, 1905. Decided June 13, 1905.

HEARING on a motion by the appellee to dismiss or affirm a decision of the Commissioner of Patents; and on a motion by the appellant to postpone the hearing on appellee's motion until a succeeding term. *Motion to postpone denied; motion to dismiss appeal denied; and motion to affirm granted.*

The facts are sufficiently stated in the opinion.

*Mr. Frank S. Appleman* for the appellant.

*Mr. E. M. Marble* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This case comes before us on appellee's motion to dismiss or affirm the decision of the Commissioner of Patents awarding priority of invention to him, and is based upon the ground that the decision of priority could not, in view of the lawful rules of the Patent Office, have been other than in his favor, and therefore the appeal is clearly taken for delay. The answer to this motion is a countermotion made by appellant to postpone the hearing of appellee's motion until the October term, and is based upon the allegation that, in order to have a fair trial of the appeal, it is necessary to make a certain stipulation, and certain testimony therein referred to, a part of the record already filed.

We will first consider the motion to postpone. At the hearing of the motions a copy of the stipulation was handed up, so the testimony is the sole part of the record below that is wanting. No excuse is advanced for failing to make the alleged testimony a part of the record brought into this court. The record was filed some five weeks before appellant's motion was filed, and not until some days after appellee filed his motion to dismiss or affirm. An examination of the assignment of errors upon which the appeal herein is based, filed some months ago, shows that the suppression of the testimony referred to in the stipulation and the refusal to consider that stipulation are set forth as errors.

Appellant's good faith in making this motion is open to grave doubt, and, in view of all the circumstances, should we find that appellee's motion should be granted, we do not consider that we should refrain from dismissing or affirming the decision appealed from on account of the motion. No excuse is given for not bringing up the testimony and stipulation with the original record. We therefore deny the motion to postpone the hearing of the main motion until the fall term.

Referring now to appellee's motion to dismiss the appeal or affirm the decision of the Commissioner, we will first consider the application to dismiss the appeal.

An examination of the record discloses that the decision appealed from was filed January 16, 1905; the appeal filed March 3, 1905; and the record filed in this court April 18, 1905. In other words, the appellant availed himself of all the time allowed by the rules for taking and perfecting his appeal, though by so doing he necessarily prevented the hearing of the appeal until next November. Yet, in so doing, he was within his legal rights, and we would not on that ground alone feel justified in dismissing his appeal, for it is not supposed that a party to a litigation is not actuated by the necessities of the case in taking such time as the law allows for taking and perfecting his appeal. Without setting forth more fully our reasons, we conclude that we are not justified in dismissing the appeal, and we therefore deny so much of the motion as asks for the dismissal of the appeal.

This leaves for consideration the remaining part of the motion, which asks for an affirmance of the decision of priority by the Commissioner.

It may be prefaced that a case must be a very clear one to justify an appellate court in affirming a decision on motion, and in advance of a hearing upon the printed record, and with all the light afforded by argument of counsel. In view of the developments following such cursory examination of the record as was necessary to pass upon the questions of postponement and dismissal, we have re-examined it with great care. Such examination develops that the decision of the Commissioner affirmed the decision of the Examiners-in-Chief, and that they affirmed

the decision of the Examiner of Interferences. These concurring decisions were based on the record dates. Starr, the appellee, filed his application February 19, 1903, and Jones, the appellant, his application March 25, 1903, and in the absence of testimony the former is entitled to an award of priority based on the record dates. It does not appear that any question as to interference in fact, the right to make the claims, or the patentability of the issue, was at any time raised. There is no testimony in the case. The decisions of the various tribunals of the Patent Office could not, under the rules, have been otherwise than they were, and we could but affirm upon the same grounds. Appellant has not, nor could he, controvert this. His contention, however, is that at some time during the prosecution of the interference there was testimony filed by him which was improperly suppressed, and that he was unjustly refused leave to retake it, or to have his time extended for such purpose. The record discloses that testimony was taken by him which was finally suppressed for irregularities in taking it. The motion to suppress was granted April 30, 1904, and the limit of appeal fixed was May 5, 1904. No appeal was taken within the time, nor any application made for an extension of time in which to appeal. Apparently he acquiesced in the ruling of the Examiner of Interferences. Later on he evidently shifted his ground, and, on June 8, 1904, more than a month after his time expired, he filed an appeal, which, on June 28, was dismissed, as later was a motion for a rehearing. The record discloses no excuse for his delay. It is evident that from no possible viewpoint would we be justified in considering this testimony were it before us. It was suppressed for gross irregularities in taking it, and no valid appeal was taken to the Commissioner from which by any possibility could an appeal be taken to this court. Rules of practice in interference cases are necessary, and should not be disregarded. We do not sit to review the rulings of the Commissioner of Patents in discretionary matters. Much less do we sit to review decisions made by the Examiner of Interferences

not lawfully appealed from. We do not consider it necessary to pass upon any moot cases, and our decision in this case relates only to the case at bar. We have referred so fully to the questions raised by the assignment of errors simply to show that it would avail the appellant nothing were the testimony and stipulation regularly a part of the record.

It also appears that, after the testimony was suppressed, the appellant moved the Examiner of Interferences for leave to retake the testimony. This motion was granted by the Examiner, although he states that there was no good reason assigned for its grant. On appeal the decision was reversed by the Commissioner. The motion, in act, was one to extend the time for taking testimony by Jones. The grant or refusal of the motion was clearly within the lawful discretion of the Commissioner. It is not such a decision as we can review. As an interlocutory proceeding we would not review it, and it is not one which should be reviewed as necessary or proper in connection with the final decision of priority. *Westinghouse* v. *Duncan,* 2 App. D. C. 131; *Cross* v. *Phillips,* 14 App. D. C. 228; *Hulett* v. *Long,* 15 App. D. C. 284; *Allen* v. *United States, ante,* p. 8.

In the interest of the appellant, who should not be put to the expense of printing the record, in the interest of the public, who are entitled to have lawful patents issued at the earliest possible moment, and, because the appellee's right to an award of priority is clear, we believe that the motion to affirm should be, and it is, *granted.*

The appellant still has a remedy under section 4915 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3392), and, if there successful, can invoke relief under section 4918 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3394).

The Commissioner of Patents could have rendered no other decision than he did, and his decision awarding priority to Starr is therefore *affirmed.*

The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner, according to law.